UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
NYSA-ILA PENSION TRUST FUND, by its :
Trustees, JOSEPH CURTO, THOMAS :
ALDRIDGE, IAN CAIRNS, RAINER DEHE, :
FRANK GROSSI, WILLIAM MESSINA, :
ROBERT MILAZZO, JAMES PELLICCIO, :
MICHAEL RADAK, HAROLD DAGGETT, :
ROBERT E. GLEASON, STEPHEN KNOTT, :
GERALD OWENS, and LOUIS PERNICE, :
:
                               Plaintiffs, :
: 12 Civ. 2506 (PAC)
   - against - :
: OPINION & ORDER
:
AMERICAN STEVEDORING, INC. and ABC :
ENTITIES 1-5 (fictitiously-named incorporated or :
Unincorporated trades or businesses that are under :
Common control with Defendant American :
Stevedoring, Inc.), :
:
                               Defendants. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 5, 2014

HONORABLE PAUL A. CROTTY, United States District Judge:

      Plaintiff NYSA-ILA Pension Trust Fund ("PTF" or "Fund") sues Defendant American Stevedoring, Inc. ("ASI" or "American") alleging that ASI ceased making Mandated Contributions under the parties' Collective Bargaining Agreement ("CBA") to the PTF at year-end 2009. Plaintiff claims that ASI incurred withdrawal liability under the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"). In March 2013, the Court determined that ASI was in default on its payments, and that PTF was entitled to accelerate the full amount of withdrawal liability. *See NYSA-ILA Pension Trust Fund v. American Stevedoring, Inc.*, 12 Civ. 2506 (PAC), 2013 WL 1234957 (S.D.N.Y. Mar. 26, 2013). The Court directed Defendants, pursuant to 29 U.S.C. § 1132(g)(2), to pay the withdrawal liability of $206,798.00, interest on

1

the unpaid contributions, liquidated damages under the plan capped at 20%, and reasonable attorneys fees and costs. The Court directed the parties to agree on a motion schedule for briefing on attorney's fees and costs, and an interest calculation. Plaintiff attempted to contact Defendant to agree on a briefing schedule on April 17, 2013, but did not receive a reply. (Docket No. 70.) On May 3, 2013, Plaintiff submitted a motion for attorney's fees, costs, and interest in accordance with the Court's request. The parties agreed on a briefing schedule stipulating that American's opposition to Plaintiff's motion would be due May 24, 2013, and Plaintiff's reply would be due June 5, 2013. (Docket No. 72.)

Plaintiff now moves for summary judgment, and for attorney's fees, reasonable costs, and interest, based on the same arguments that led the Court to find ASI was in default on its payments. Plaintiff states that resolving its motion will conclude the entire case, since Plaintiff withdrew its allegation that American was a member of a group of trades or businesses under common control. (Pl. Mem. 2, n.1.)

Defendant did not respond to Plaintiff's motion for attorney's fees, costs, and interest, preferring instead to oppose Plaintiff's motion for summary judgment, and cross-moving for declaratory relief, compelling arbitration under the Multi-employer Pension Plan Amendments Act ("MPPAA"). Its argument is familiar because it was made previously, and the Court rejected it. Defendant really seeks reconsideration of the Court's March 26, 2013 Order on the grounds that it was erroneous and based on an incomplete factual record. Defendant repeats its prior arguments: Plaintiff knowingly sent notices of withdrawal liability to the wrong address; the Complaint was insufficient notice of Defendant's default; Plaintiff concealed from American

its statutory right to arbitrate; and this concealment is not itself an arbitrable issue, and thus must be resolved by the Court.

These arguments are rejected for the reasons previously stated; Defendant's cross-motion for declaratory relief is denied. Though a court may reconsider a prior order that is erroneous or based upon an incomplete record, *DiLaura v. Power Auth. of State of N.Y.*, 982 F.2d 73, 76 (2d Cir. 1992), Defendant fails to point to any new evidence indicating the record was incomplete as to the operative facts underlying the Court's Order and Opinion. The operative facts compel the conclusion that Defendant has lost its ability to invoke arbitration in this case, and that Plaintiff has met the standard for summary judgment.

"Summary judgment is appropriate when, construing the evidence in the light most favorable to the non-moving party, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 104 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). A fact is material only if it "might affect the outcome of the suit under the governing law," and a factual dispute is genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). For Plaintiff to obtain summary judgment regarding Defendant's withdrawal liability, there can be no genuine dispute that: (i) defendant constitutes an "employer" under the MPPAA; (ii) defendant received notice of a withdrawal liability assessment against it; and (iii) defendant failed to initiate arbitration as required by law. *Nat'l Integrated Group Pension Plan v. Dunhill Food Equipment Corp.*, 2013 WL 1346356, *3 (E.D.N.Y. Apr. 3, 2013).

The undisputed facts in this case support these three factors. PTF is a joint labor-management fund, and is a multiemployer employee pension benefit plan within the meaning of ERISA §§ 3(2), 3(3), and 3(37), 29 U.S.C. §§ 1002(2), 1002(3), 1002(37). (Pl. Rule 56.1 Stmt. ¶ 1.) Due to ASI's apparent failure to make contributions to PTF from 2009 onward, PTF determined that ASI was responsible for withdrawal liability in the amount of $206,798 (Pl. Rule 56.1 Stmt. ¶ 3.). PTF filed a Complaint which set forth the amount of ASI's withdrawal liability, the payment schedule, a demand for payment, and notice of default, on April 2, 2012. (Pl. Rule 56.1 Stmt. ¶¶ 4 & 5.) ASI failed to request review of PTF's assessment of withdrawal liability until August 9, 2012. (Pl. Rule 56.1 Stmt. ¶¶ 4 & 5.)

There is no new evidence raising a dispute about these facts. Instead, Defendant repeats the previously rejected arguments that the Complaint provided legally insufficient notice of Defendant's right to arbitrate withdrawal liability. To support its position, Defendant relies on *Operating Engineers' Pension Trust Fund v. Clark's Welding and Mach.*, 688 F. Supp. 2d 902 (N.D. Cal. 2002). This opinion is not new law; is obviously not controlling in this district; and also does not stand for the proposition Defendant asserts. The requirements for notice of withdrawal liability are clearly described in 29 U.S.C. 1399(b)(1): "[T]he plan sponsor shall (A) notify the employer of (i) the amount of liability, and (ii) the schedule for liability payments, and (B) demand payment in accordance with the schedule." As the Court previously held,[1] the Complaint contains all of these elements, and gave sufficient notice. *Bowers v. Transportacion Maritima Mexicana, S.A.*, 901 F.2d 258, 263 (2d Cir. 1990).

---

[1] For purposes of this holding and others, the Court assumes familiarity with, and incorporates by reference, its reasoning in *NYSA-ILA Pension Trust Fund v. American Stevedoring, Inc.*, 12 Civ. 2506 (PAC), 2013 WL 1234957 (S.D.N.Y. Mar. 26, 2013).

4

Defendant did not timely request review, and has lost the opportunity to raise all of its fact-based affirmative defenses to withdrawal liability. *See* 29 U.S.C. § 1401(a)(1); *ILGWU Nat. Retirement Fund v. Levy Bros. Frocks, Inc.*, 846 F.2d 879, 884-85 (2d Cir. 1988). This may seem to be "a harsh result, but the harshness of the default is largely a self-inflicted wound." *ILGWU Nat. Retirement Fund*, 846 F.2d at 887.

Defendant's last remaining argument is that the Court's prior finding that Defendant received service of the Complaint on April 2, 2012 was clearly erroneous. The Complaint was filed on April 2, 2012 and a summons to ASI was issued on that day. (Docket #1.) Defendant argues that service was not effective on that date, but fails to allege a specific alternate date that service was effective. To raise a dispute of *material* fact regarding whether Defendant's request for review was timely, Defendant would have to allege that service became effective on or after May 11, 2012 (90 days before August 9, 2012, the undisputed date that Defendant requested review). Defendant fails to do so. Instead, ASI's (former) attorney, Michael Hiller, stated in a sworn declaration dated August 20, 2012, that "[p]ursuant to a stipulation entered into between Plaintiff and Defendant on April 11, 2012, service of the summons and complaint was deemed complete upon ASI on April 10, 2012." (Docket #25, Hiller Decl. ¶ 5.)[2] While Hiller's declaration raises an issue as to which day in April service was effective, it is immaterial because

---

[2] Defendant's argument that the stipulation sets a future date for service fails. First, it contradicts the clear, sworn declaration of Defendant's attorney on whom service was made. Furthermore, the text of the stipulation suggests that a complaint had already been served: paragraph 1 says that "Defendant American Stevedoring. Inc.'s ('ASI') time within which to answer or otherwise respond to the Complaint is hereby extended to May 15, 2012." (Rudick Decl. Exh. 8 ¶7.) Defendant fails to point to any facts indicating that service was effective in May in the few days before Defendant answered the complaint: the only window of time that would make Defendant's request for review timely.

5

the result is the same for any date in April: ASI did not timely request review, and consequently lost its right to contest withdrawal liability.

## CONCLUSION

For the foregoing reasons, Defendant's motion for declaratory relief (really a motion to reconsider) is denied, and Plaintiff's motion for summary judgment is granted. Defendant fails to respond to Plaintiff's motion for reasonable attorney's fees, costs, and interest, and so the motion is granted. The Clerk of Court is directed to enter judgment in favor of Plaintiff for: withdrawal liability in the amount of $206,798.00; statutory interest on this amount at an annual rate of 3.25% ($18.41 per day) from June 1, 2012 to the date of entry of judgment; attorneys' fees in the amount of $20,530; and costs of this action in the amount of $1,255.78.

Dated:     New York, New York                    SO ORDERED

           February 5, 2014

                                                 _____
                                                 PAUL A. CROTTY
                                                 United States District Judge